**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

CHRISTOPHER JOHN GILMORE,

　　　　　Plaintiff,

v.

MARTIN COUNTY SHERIFF
DEPARTMENT, MARTIN COUNTY,
FAIRMONT POLICE DEPARTMENT,
THE CITY OF FAIRMOUNT, THE
MINNESOTA DEPARTMENT OF
HUMAN SERVICES, PETER OGDEN,
JAIME BLEESS, DEBBIE FOSTER,
JEFF MARQUARDT, SUE LEES,
TANIA RATHMAN, TERRY
VIESSELMAN, MICHAEL D.
TRUSHENSKI, MARK GEERDES, DR.
STEVEN C. NORTON, DR. LINDA
MARSHALL, ANGELA NEWVILLE,
RUSSEL MILEHAM, AND ANNA
GARBERS,

　　　　　Defendants.

Case No. 19-cv-0141 (WMW/ECW)

**REPORT AND RECOMENDATION**

This matter is before the Court upon its April 1, 2019 Order requiring Plaintiff

Christopher Gilmore ("Gilmore" or "Plaintiff") to file an amended complaint based on its

initial screening pursuant to 28 U.S.C. § 1915A (Dkt. No. 27); Plaintiff's Motion for

Temporary Restraining Order (Dkt. No. 3), Plaintiff's Motion for Summary Judgment

(Dkt. No. 6), Plaintiff's Motion for Order of Prisoner Release (Dkt. No. 10), and

Plaintiff's Motion for Immediate Summary Judgment (Dkt. No. 20).  This case has been

referred to the undersigned United States Magistrate Judge for a report and

recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Gilmore originally filed this action against the Martin County Sheriff Department,

Sheriff Marquardt, Tania Rathman, the Fairmont Police Department, Jaime Bleess, and

Becky Foster.  Gilmore's initial pleading is titled "Petition for Writ of Habeas Corpus."

(*See* Dkt. No. 1 at 1.)  Instead of seeking valid habeas relief, Gilmore's Petition

challenged infringements on his constitutional (and perhaps statutory) rights related to the

conditions of his confinement, including claims of abuse under the Prison Rape

Elimination Act ("PREA"), reprisal for reporting misconduct, and obstructing his access

to the courts.  (*Id.* at 1-2.)

In reviewing Gilmore's application to proceed *in forma pauperis*, this Court

warned Gilmore that:

> It is not clear under what statutory authority Plaintiff seeks to proceed for the
> purposes of habeas relief.  However, such petitions generally challenge a
> petitioner's conviction, sentence, or length of detention, and Gilmore's
> pleading does not do that. *See Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th
> Cir. 2014) ("If the prisoner is not challenging the validity of his conviction
> or the length of his detention, such as loss of good time, then a writ of habeas
> corpus is not the proper remedy.") (quoting *Kruger v. Erickson*, 77 F.3d
> 1071, 1073 (8th Cir. 1996) (per curiam), citing *Preiser v. Rodriguez*, 411
> U.S. 475, 499 (1973)).  Gilmore's pleading appears to instead challenge
> infringements on his constitutional (and perhaps statutory) rights related to
> the conditions of his confinement, including claims of abuse, reprisal for
> reporting misconduct and obstructing his access to the courts. (*See generally*
> Dkt. No. 1 at 1.)

(Dkt. No. 27 at 3.)  Rather than recommending dismissal of Gilmore's petition, the Court

provided Gilmore the opportunity to convert his petition into a civil complaint and

warned him of some the consequences under the Prison Litigation Reform Act

("PLRA").  (*Id.* at 4 (citing *Spencer*, 774 F.3d at 471).)

To the extent that Gilmore decided that he is seeking to bring a civil rights

complaint, the Court noted that it would be subject to review pursuant to 28 U.S.C. §

1915A.  To this end, the Court concluded that if Gilmore intended to bring a civil rights

complaint, it—as initially drafted—did not state a cause of action upon which this Court

could grant relief:

> The Petition purports to "seek[] relief from the illegal conduct and actions being procedurally and administratively taken against" Gilmore.  (Dkt. No. 1 at 1.)  Gilmore alleges that he "has been abused by . . . Jaime Bleess in blatant violations of the PREA [Prison Rape Elimination Act]," but he provides no details about these purported violations.  *Id.*  The Petition also provides no specific allegations regarding any other named Defendant.  (See generally id. at 1-2.)  He suggests that "the facility"—presumably the MCJ—"has worked diligently at committing acts of reprisal on a daily basis at the jail for the reporting of misconduct on [December 21, 2018]."  (*Id.* at 1.)  But there is no discussion of what specific acts of reprisal Gilmore complains of, nor is there any discussion of the misconduct reported in December 2018.  (*See id.* at 1-2.)  Gilmore also suggests that he is being denied access to legal-reference materials, and that he has "specifically been told by every officer that [he] cannot have indigent legal postage envelopes" with which to press claims in state court.  (*Id.* at 2.)  Again, he does not provide here names of specific officers who made these statements, nor does he provide information such as when and where these statements were made to him.  (*See id.*)

(Dkt. No. 27 at 6-7.)  In addition, the Court found that the PREA does not create a private

right of action.  (*Id.* at 7 n.3 (string citation omitted).)

Accordingly, this Court invited Gilmore to file an amended pleading that cures all

the deficiencies set forth in the April 1, 2019 Order to the extent that he wanted to

proceed with a civil rights complaint.  (*Id*. at 7.)  The Court gave Gilmore 30 days to file

an amended complaint that complied with the Order and warned him that if "Gilmore

does not file an amended complaint within 30 days of the date of this Order, the Court

will recommend that this action be dismissed without prejudice." (*Id.* at 8.)

On April 12, 2019, Gilmore requested an additional 20 days to file an amended

complaint. (Dkt. No. 28.) Gilmore asserted he did not receive the Court's April 1, 2019

Order. (*Id.*) Gilmore also asked that he be faxed a copy of all documents filed by him to

date in this action, as he alleges that Martin County Jail destroyed his copies. (*Id.*) The

Court granted the request for an extension and gave Gilmore until May 12, 2019 to file an

amended complaint. (Dkt. No. 29.) The Court also directed the Clerk of Court to send

Gilmore via U.S. Mail a copy of each docket entry up through and including the date of

the Order. (*Id.*)

On May 13, 2019, Gilmore requested another extension to comply with the

Court's April 1, 2019 Order. (Dkt. No. 30.) In the request for an extension, Gilmore

asserted that a Martin County Jail administrator had seized all of his legal materials upon

his return from St. Peter to Martin County Jail, including all the legal materials provided

by the Court along with the evidence he was planning to submit. (*Id.*) Based on this,

Gilmore asserted that he needed an additional 30 days to comply with the Court's Order

requiring him to file an amended complaint. (*Id.*) In response, the Court issued the

following Order:

> [I]t appears that Gilmore has received the Court's orders and has been able
> to ask for relief from this Court when necessary just as the deadlines set forth
> in its orders are expiring. As such, the Court will grant Gilmore a final 30-
> day extension to file an amended complaint that addresses the deficiencies
> set forth in the Court's April 1, 2019 Order. In addition, the Clerk of Court

is directed to send Gilmore via U.S. Mail a copy of his initial Complaint (Dkt. No. 1) and the April 1, 2019 Order (Dkt. No. 27) setting forth the deficiencies in the Complaint.

If Plaintiff fails to file an Amended Complaint by June 27, 2019, the Court will recommend dismissing the present action without prejudice.

(Dkt. No. 31 at 3.)

Gilmore failed to file an amended pleading by June 27, 2019.

On July 1, 2019, the Court received a letter from Gilmore representing that the "Complaint is in the mail asap.  Tania Rathman has been providing law library access but times are limited thereby causing some delay in my abilities to meet Jun [sic] 27th deadline."  (Dkt No. 37.)

On July 8, 2019, Gilmore's Amended Complaint was filed, which was postmarked July 3, 2019.  (Dkt. Nos. 38, 38-3.)  Plaintiff is presently incarcerated in Martin County Jail.  The Amended Complaint asserts an action under 42 U.S.C. § 1983 against Defendants Martin County Sheriff Department, Martin County, the Fairmount Police Department, the City of Fairmount, the Minnesota Department of Human Services, Peter Ogden, Jaime Bleess, Debbie Foster, Jeff Marquardt, Sue Lees, Tania Rathman, Terry Viesselman, Michael D. Trushenski, Mark Geerdes, Dr. Steven C. Norton, Dr. Linda Marshall, Angela Newville, Russel Mileham, and Anna Garbers.  Gilmore asserts that Defendants have conspired or acted with deliberate intent to violate his rights under the First, Fourth, Fifth, Sixth, Seventh, Eight, Eleventh, and Fourteenth Amendments to the U.S. Constitution.  While the Amended Complaint does not comply with the Court's deadlines, in the interest of justice the Court will review the Amended Complaint in

5

accordance with 28 U.S.C. § 1915A in a separate order or report and recommendation to

issue at a later date.  The Court addresses Plaintiff's Motion for Temporary Restraining

Order (Dkt. No. 3), Plaintiff's Motion for Summary Judgment (Dkt. No. 6), Plaintiff's

Motion for Order of Prisoner Release (Dkt. No. 10), and Plaintiff's Motion for Immediate

Summary Judgment (Dkt. No. 20) below.

## II.   ANALYSIS

### A.   Plaintiff's Motion for Temporary Restraining Order (Dkt. No. 3)

Plaintiff has filed the following motion for a Motion for Temporary Restraining

Order ("TRO"):

> The above named Plaintiff Christopher Gilmore hereby requests a restraining
> Order issue immediately to present any further violations of constitutional
> rights or human rights.  The facts set forth in the attached documents and
> video evidence and kiosk generated correspondence all compromise an
> ongoing pattern of abuse, negligence, and intentional deprivation of
> meaningful access to the court and criminal obstruction of Justice.  I was also
> victimized by officer Jaime Bleess contrary to PREA act legislation and
> standards.  I have been completely rejected all access to court at the state and
> county levels.

(Dkt. No. 3.)

To determine if a plaintiff is entitled to a TRO, a court considers: (1) the

likelihood of success on the merits of the a plaintiff's claims; (2) the threat of irreparable

harm to Plaintiff; (3) the balance between that threat of harm and the injury that granting

injunctive relief would inflict on other interested parties; and (4) whether the issuance of

a TRO is in the public interest.  *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109,

114 (8th Cir. 1981).  No single factor is determinative, and all factors must be viewed in

totality when a court decides if relief should be granted.  *Id.* at 113.  That said, "[s]uccess

6

on the merits has been referred to as the most important of the four factors."

*Roudachevski v. All-Am. Care Centers, Inc.*, 648 F.3d 701, 706 (8th Cir. 2011) (citation

omitted); *see also Mid-Am. Real Estate Co. v. Iowa Realty Co.*, 406 F.3d 969, 972 (8th

Cir. 2005) ("[A]n injunction cannot issue if there is no chance of success on the merits.")

(citations omitted).  Granting emergency injunctive relief is "an extraordinary remedy

and the burden of establishing the propriety of an injunction is on the movant."

*Roudachevski*, 648 F.3d at 705.

Defendants have not been served in the present case and there is no waiver or

acknowledgement of service on file.[1]  Indeed, no Summons has yet been issued.  Even

---

[1]    In a subsequently filing, Gilmore asserted that "[a]ll parties given 30 day [sic]
notice with no response.  30 days is reasonable to dispute.  All parties were notified via
kiosk at jail and via U.S. Mail.  All are in Default."  (Dkt. No. 32.)  Even assuming that
the Martin County Sheriff's Department or the Fairmount Police Department are legal
entities subject to suit (*see Ernst v. Hinchliff*, 129 F. Supp. 3d 695, 730 (D. Minn. 2015),
*aff'd*, 652 F. App'x 479 (8th Cir. 2016); *Iheme v. Hennepin Cty. Sheriff Dep't*, No. CIV.
12-2271 DWF/JJK, 2012 WL 8023743, at *2 (D. Minn. Nov. 6, 2012), *R.&R. adopted*,
2013 WL 1969640 (D. Minn. May 13, 2013)), a state, a municipal corporation, or any
other state-created governmental organization that is subject to suit "must be served by
(A) delivering a copy of the summons and of the complaint to its chief executive officer;
or (B) serving a copy of each in the manner prescribed by that state's law for serving a
summons or like process on such a defendant."  Fed. R. Civ. P. 4(j)(2).  A municipality or
other public corporation may be served under Minnesota law by delivery to: the chair of
the county board or to the county auditor of a defendant county; either the Chief
Executive Officer or the City Clerk; or to any member of the board or other governing
body of a defendant public board.  *See* Minn. R. Civ. P. 4.03(e).  To properly serve a state
agency, such as the Department of Human Services, Minnesota law provides that service
may be affected on the state attorney general, a deputy attorney general, or an assistant
attorney general.  *See* Minn. R. Civ. P. 4.03(d).  As to the individual Defendants, Federal
Rule of Civil Procedure 4(e) provides that service of process may be accomplished by the
methods set forth by state law in the jurisdiction where the district court is located, by
serving a defendant personally, leaving a copy of the summons and complaint at
defendants' residence with a suitable person, or delivering a copy of the summons and
complaint to a defendant's agent.  *See* Fed. R. Civ. P. 4(e); *see also* Minn. R. Civ. P.

assuming that Rule 65 authorizes the issuance of an *ex parte* TRO prior to the service of

summons and complaint on Defendants (*see H-D Michigan, LLC v. Hellenic Duty Free*

*Shops S.A.*, 694 F.3d 827, 842 (7th Cir. 2012)), the following requirements must be met:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1); *see also Fryer v. Citimortgage, Inc.*, No. 09-cv-3197

(DWF/RLE), 2009 WL 3856724, at *1 (D. Minn. Nov. 17, 2009) (denying an *ex parte*

motion for a TRO for failing meet the requirements of Rule 65(b)(1)).  Here, Gilmore has

provided no verified complaint or affidavit in support of his Motion for a TRO.  In

addition, he has failed to provide any efforts to give notice to Defendants of the Motion

and why notice should not be required.  More importantly Plaintiff has not established

that he is likely to succeed on the merits of his claims. The PREA, relied upon by

Plaintiff in his motion, does not create a private right of action, so Gilmore cannot seek

---

4.03(a).  None of these means of service authorizes service via mail or mere notice of a lawsuit.  Indeed, notice of a lawsuit is insufficient; as the Federal Rules require proper service.  *See Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996).  Nor does service by mail constitute proper service, absent a valid waiver of service or acknowledgment of service returned by defendants where applicable.  *See* Fed. R. Civ. P. 4(d); Minn. R. Civ. P. 4.03, 4.05.  There is no evidence of either in this case as to the named Defendants.

relief directly under that statute. *See, e.g.*, *Blevins v. Pearson*, No. 18-cv-2270 (DSD/DTS), 2018 WL 6814183, at *3 (D. Minn. Nov. 30, 2018) (citing cases), *R&R adopted*, 2018 WL 6807391 (D. Minn. Dec. 27, 2018); *Jackson v. Dayton*, No. 17-cv-0880 (WMW/TNL), 2018 WL 4473403, at *15 (D. Minn. Apr. 2, 2018) (same), *R&R adopted*, 2018 WL 3696600 (D. Minn. Aug. 3, 2018). Further, Gilmore provided no evidence in support of his PREA claim or his access to the Court claims and conclusory statements as part of his motion are insufficient to meet his burden to show a likelihood of success on the merits. *See Munt v. Larson*, No. 12-cv-1206 (SRN/SER), 2015 WL 5673108, at *12 (D. Minn. Sept. 23, 2015) (stating that "conclusory statements are not enough to state a claim, let alone show the likelihood of success on the merits necessary for issuing a preliminary injunction"); *cf. Wickner v. Larson*, No. 09-cv-940 (DWF/JJK), 2010 WL 98940, at *3 (D. Minn. Jan. 11, 2010) ("Although Plaintiff has made conclusory allegations in his affidavit supporting his motion . . . he has provided no . . . evidence to support any likelihood of success on any of his claims asserted . . . against Defendants."). The Court acknowledges that Gilmore subsequently filed approximately 78 pages of what mainly appear (as far as this Court can tell without a supporting affidavit) to be emails from him to staff via a kiosk. (Dkt. No. 19.) However, nothing in these communications support Gilmore's assertion that he has been completely precluded from all access to the courts at the state and county levels.

Given that Plaintiff has not complied with Rule 65(b)(1) and has not met his burden to show that he is likely to succeed on the merits of his claims, Gilmore's Motion for a TRO should be denied without prejudice.

**B.      Plaintiff's Motion for Summary Judgment (Dkt. No. 6) and Immediate Motion for Summary Judgment (Dkt. No. 20)**

Plaintiff generally seeks summary judgment on his claims. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Indeed, "a federal court is without jurisdiction to render personal judgment against a defendant if service of process is not made in accordance with applicable federal or state statutory requirements." *Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir. 1982). In other words, "[a]bsent service, the Court does not have jurisdiction over the Defendant[s] and could not enter a summary judgment against [them]." *Ontiveros v. Ontiveros*, No. 0:18-CV-1916 (WMW/KMM), 2019 WL 1459028, at *1-2 (D. Minn. Feb. 25, 2019), *R.&R. adopted*, 2019 WL 1455202 (D. Minn. Apr. 2, 2019).

As stated previously, service has not been effectuated on Defendants.

In addition, no Defendant has filed an answer, and, naturally, no party has yet had a meaningful opportunity to conduct pre-trial discovery. Because there may be material questions of fact with respect to any claims, it would be premature for the Court to entertain Gilmore's motions for summary judgment. Indeed, while Gilmore claims that all legal materials and postage has been refused to him (Dkt. No. 20), he is in receipt of this Court's Orders and has submitted numerous filings to the Court with postage.

For all of these reasons, the Court finds that Gilmore's motions for summary judgment (Dkt. Nos. 6, 20) should be denied as premature.

**C.    Plaintiff's Motion for Immediate Release (Dkt. No. 10)**

Plaintiff moves the Court "to order the lower courts to immediately release without delay plaintiff from any custody by state courts and police, sheriff department [sic]". (Dkt No. 10.)  With his Amended Complaint, Gilmore has since clarified that he is bringing his suit under § 1983, as opposed to a habeas petition.  (Dkt. No. 38.)

The United States Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).  Similarly, a § 1983 claimant cannot seek either "immediate release from prison" or the "shortening" of a term of confinement. *Id.* at 487, 500; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Because Plaintiff's motion seeks his immediate release as part of the present § 1983 action, his motion should be denied.

## III.    RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein, **IT IS RECOMMENDED** that:

1.    Plaintiff's Motion for Temporary Restraining Order (Dkt. No. 3) be **DENIED**;

2.    Plaintiff's Motion for Summary Judgment (Dkt. No. 6) be **DENIED**;

3.      Plaintiff's Motion for Order of Prisoner Release (Dkt. No. 10) be

**DENIED**; and

4.      Plaintiff's Motion for Immediate Summary Judgment (Dkt. No. 20) be

**DENIED**.

DATED: July 12, 2019                              *s/ Elizabeth Cowan Wright*
                                                 ELIZABETH COWAN WRIGHT
                                                 United States Magistrate Judge

**NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).