UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Christopher John Gilmore,

          Plaintiff,

v.

Martin County Sheriff Department et al.,

          Defendants.

Case No. 19-cv-0141 (WMW/ECW)

**ORDER**

---

This matter is before the Court on Plaintiff Christopher John Gilmore's motions to reopen and to appoint counsel. (Dkts. 54, 55.) For the reasons addressed below, Gilmore's motions are denied.[1]

Gilmore filed this action in January 2019, alleging violations of his constitutional and statutory rights in connection with the conditions of his imprisonment. Although Gilmore styled his initial pleading as a petition for a writ of habeas corpus, the magistrate judge determined that a writ of habeas corpus was not the proper vehicle for Gilmore's claims because he did not seek to challenge the validity of his conviction or the length of his detention. The magistrate judge provided Gilmore an opportunity to convert his

---

[1] After filing his motions to reopen the case and to appoint counsel, Gilmore filed an amended petition for a writ of habeas corpus, an application to proceed in district court without prepaying fees or costs, a motion seeking leave to amend and a motion to appoint counsel. Because this Court denies Gilmore's motion to reopen this case, the Court does not consider Gilmore's subsequent filings, and his application to proceed in district court without prepaying fees or costs is denied as moot. Gilmore is directed not to file further motions relating to his new case on this docket.

pleading into a civil complaint within 30 days. Gilmore subsequently filed an amended complaint after the court-imposed deadline.

In the interests of justice, the magistrate judge considered Gilmore's late-filed amended complaint and subsequently issued a report and recommendation that recommended dismissal. Prior to this Court's ruling on the report and recommendation, Gilmore voluntarily dismissed this action. In light of Gilmore's voluntary dismissal, this Court directed the Clerk of Court to terminate the case and enter judgment. Accordingly, judgment was entered on November 14, 2019. Gilmore now seeks to reopen this case and seeks appointment of counsel.

The Court construes Gilmore's *pro se* motion to reopen liberally as a motion under Rule 60(b), Fed. R. Civ. P., which permits a district court to relieve a party from a final judgment for any of six enumerated reasons. Relevant here, Rule 60(b)(6) includes a catch-all provision, which permits a district court to grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).[2] However, Rule 60(b)(6) relief is available only when "exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005). To obtain relief from a final judgment,

---

[2] The arguments in Gilmore's motion also could be construed to seek relief under Rule 60(b)(3), which permits a court to grant relief from a final judgment for reasons of fraud, misrepresentation or misconduct by an opposing party. But a motion under Rule 60(b)(3) must be filed within one year after the entry of the judgment. Fed. R. Civ. P. 60(c)(1). As judgment in this matter was entered on November 14, 2019, and Gilmore did not file his motion to reopen until nearly three years later, Gilmore cannot obtain relief under Rule 60(b)(3).

2

the moving party must make an "adequate showing" of the exceptional circumstances meriting relief. *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (internal quotation marks omitted).

Gilmore argues that he dismissed his lawsuit because of Defendants' acts of reprisal. But Gilmore provides no details or supporting information that could constitute an "adequate showing" of exceptional circumstances. *Id.* In addition, because Gilmore voluntarily dismissed his case without prejudice, he retains the ability to refile his lawsuit. Indeed, he appears to have recently filed a new lawsuit asserting allegations similar to those asserted in this case. *See Gilmore v. Martin Cnty. Sheriff Dept.*, 22-cv-2443 (MJD/TNL). Gilmore, therefore, has failed to make an "adequate showing" of exceptional circumstances. *Jones*, 512 F.3d at 1048 (internal quotation marks omitted). Accordingly, relief from the prior judgment is not warranted and the Court denies Gilmore's motion.

Because the Court denies Gilmore's motion to reopen, his request to appoint counsel is denied as moot.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Christopher John Gilmore's motion to reopen this case, (Dkt. 54) is **DENIED**.

2. Plaintiff Christopher John Gilmore's motion to appoint counsel, (Dkt. 55), is **DENIED AS MOOT**.

3. Plaintiff Christopher John Gilmore's application to proceed in district court without prepaying fees or costs, (Dkt. 57), is **DENIED AS MOOT**.

4. Plaintiff Christopher John Gilmore's motion seeking leave to amend, (Dkt. 58), is **DENIED AS MOOT**.

5. Plaintiff Christopher John Gilmore's motion to appoint counsel, (Dkt. 59), is **DENIED AS MOOT**.

Dated: November 21, 2022              s/Wilhelmina M. Wright
                                                          Wilhelmina M. Wright
                                                          United States District Judge